THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MICHAEL D. DUNCAN, Defendant-Appellant.

Fourth District   No. 4—93—0048

Opinion filed March 11, 1994.

Daniel D. Yuhas and Arden J. Lang, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Norbert J. Goetten, Robert J. Biderman, and James Majors, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LUND delivered the opinion of the court:

Defendant Michael Duncan was convicted of aggravated battery (Ill. Rev. Stat. 1991, ch. 38, par. 12—4) and disorderly conduct (Ill. Rev. Stat. 1991, ch. 38, par. 26—1 (now 720 ILCS 5/26—1 (West 1992))) by a jury trial in the circuit court of Champaign County. He was sentenced to 30 months' probation, conditioned on a 180-day jail term with time off for work release, and fined $300. Defendant appeals, challenging the sufficiency of the evidence to support the disorderly conduct conviction and failure to give a $5 credit against his fine for one day awaiting sentencing. The State concedes the $5 credit is due, and we agree.

Evidence establishes that Sandra Newton and James Stewart arrived at the McDonald's restaurant in Urbana in the evening as it was beginning to get dark. Sandra sat at the outdoor eating area. James went into the restaurant to purchase their food. The intoxicated defendant, standing approximately 30 feet from Sandra and facing her, urinated. Sandra testified that this alarmed and disturbed her; she no longer wanted to eat and went into McDonald's to tell James what had happened. James then confronted the defendant, who swung at James and hit his hand. Defendant was subsequently arrested.

It is the jury's function to determine guilt or innocence of the accused, and a finding of guilty will not be reversed unless the evidence is so improbable as to justify a reasonable doubt. (*People v. Eyler* (1989), 133 Ill. 2d 173, 191, 549 N.E.2d 268, 276.) Here, disorderly conduct is defined as knowingly "act[ing] in such unreasonable manner as to alarm or disturb another and to provoke a breach of the peace." Ill. Rev. Stat. 1991, ch. 38, par. 26—1(a)(1) (now 720 ILCS 5/26—1(a)(1) (West 1992)).

Evidence established that defendant was clearly observed approximately 30 feet from Sandra, obviously very near the outside eating area. If disorderly conduct can rest upon the alleged conduct, the evidence is sufficient to uphold the jury's decision.

We have been unable to find an Illinois case ruling that public urination can or cannot result in a disorderly conduct conviction. Neither the State nor defendant has cited such authority. The committee comments to section 26—1 (Ill. Ann. Stat., ch. 38, par. 26—1, Committee Comments—1961, at 149 (Smith-Hurd 1977) (revised in 1970 by University of Illinois College of Law, Criminal Law Professor Charles H. Bowman)), states:

> "The offense of disorderly conduct, as defined in Article 26, is considerably narrower than the former legislation which appeared under the same heading. (Ill. Rev. Stat. 1959, ch. 38, §§ 159 to 179.) This is primarily because the former statute dealt with prostitution, public indecency, and obscenity. These offenses have been covered in other sections of the Code. (See Sections 11—9, 11—14 and 11—20.)
>
> Section 26—1(a) is a general provision intended to encompass all of the usual types of 'disorderly conduct' and 'disturbing the peace'. Activity of this sort is so varied and contingent upon surrounding circumstances as to almost defy definition. Some of the general classes of conduct which have traditionally been regarded as disorderly are here listed as examples: the creation or maintenance of loud and raucous noises of all sorts; unseemly, [boisterous], or foolish behavior induced by drunkenness; threatening damage to property or indirectly threatening bodily harm (which may not amount to assault); carelessly or recklessly displaying firearms or other dangerous instruments; preparation for engaging in violence or fighting; and fighting of all sorts. In addition, the task of defining disorderly conduct is further complicated by the fact that the type of conduct alone is not determinative, but rather culpability is equally dependent upon the surrounding circumstances. Thus, the discharge of a pistol on the desert by a lone marksman is harmless, whereas the discharge of the same pistol in a library or church is blameworthy. Similarly, shouting, waving and drinking beer may be permissible at the ball park, but not at a funeral."

Neither the statutory definition of public indecency (Ill. Rev. Stat. 1991, ch. 38, par. 11—9 (now 720 ILCS 5/11—9 (West 1992))) nor that of obscenity (Ill. Rev. Stat. 1991, ch. 38, par. 11—20 (now 720 ILCS 5/11—20 (West 1992))) applies to a person urinating in public. Both offenses carry a greater penalty than disorderly conduct. We conclude that urination in public, as in the present case, can be done

in such an unreasonable manner as to alarm or disturb another and to provoke a breach of the peace.

Conviction affirmed, but cause remanded, with directions to amend the mandate to give a $5 credit against the assessed fine.

Affirmed; cause remanded with directions.

McCULLOUGH, P.J., and COOK, J., concur.